IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| MONEKA ROCHELLE WEBB, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CAROLYN W. COLVIN, )<br>)<br>Defendant. ) | Case No. 2:14-cv-04283-MDH |

## ORDER

Before the Court is Plaintiff's appeal of the Commissioner's denial of her application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act ("Act"), 42 U.S.C. §§ 1381 *et seq.*, and Social Security Disability Insurance (SSDI) benefits under Title II of the Social Security Act ("Act"), 42 U.S.C. §§ 401 *et seq.* Plaintiff has exhausted her administrative remedies and the matter is now ripe for judicial review. After carefully reviewing the files and records, the Court finds the decision of the Commissioner is supported by substantial evidence in the record as a whole and the decision is therefore **AFFIRMED**.

## BACKGROUND

The procedural history, facts, and issues of this case are contained in the record and the parties' briefs, so they are not repeated here. To summarize, this case involves a 34-year old woman who applied for SSI and SSDI benefits due to alleged impairments of ulcer, fibromyalgia, anemia, vitamin D deficiency, sciatic nerve, sinus/allergies, heart condition, acid reflux, memory loss, muscle weakness, involuntary spasms, blood pressure, rheumatic fever, abnormal masses in breasts, and abnormal uterus. The ALJ found that Plaintiff suffered from severe impairments including degenerative joint disease of the left shoulder and left hip, fibromyalgia, and iron deficiency anemia. After finding Plaintiff's impairments did not meet or

1

equal a listed impairment, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.97(b) with the following limitations:

> [S]he can lift and/or carry 20 pounds frequently; stand and/or walk 6 hours out of an 8-hour workday; sit for 8 hours out of an 8-hour workday; and push and pull to the same weight restrictions. She can frequently reach overhead with her left (non-dominant) upper extremity. The claimant can occasionally climb ramps and stairs, but should avoid climbing ladders, ropes, or scaffolds. She can occasionally crawl. The claimant can frequently balance, stoop, kneel, and crouch. She can tolerate occasional exposure to humidity, wetness, dust, odors, fumes, pulmonary irritants, and extreme cold.

The ALJ determined Plaintiff could perform her past relevant work as a daycare worker, medical records clerk, and order filler. Alternatively, the ALJ found that Plaintiff could perform other jobs that exist in significant numbers in the national economy such as officer helper, sub-assembler, and marker. Based on the foregoing, the ALJ concluded that Plaintiff was not disabled.

## STANDARD

Judicial review of the Commissioner's decision is a limited inquiry into whether substantial evidence supports the findings of the Commissioner and whether the correct legal standards were applied. *See* 42 U.S.C. §§ 405(g), 1383(c)(1)(B)(ii)(3). Substantial evidence is less than a preponderance of the evidence and requires enough evidence to allow a reasonable person to find adequate support for the Commissioner's conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Freeman v. Apfel*, 208 F.3d 687, 690 (8th Cir. 2000). This standard requires a court to consider both the evidence that supports the Commissioner's decision and the evidence that detracts from it. *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008). That the reviewing court would come to a different conclusion is not a sufficient basis for reversal. *Wiese v. Astrue*, 552 F.3d 728, 730 (8th Cir. 2009). Rather, "[i]f, after review, we find it possible to

2

draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, we must affirm the denial of benefits." *Id.* (quoting *Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996)). Courts "defer heavily to the findings and conclusions of the Social Security Administration" and will disturb the Commissioner's decision only if it falls outside the "zone of choice." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010); *Casey v. Astrue*, 503 F.3d 687, 691 (8th Cir. 2007).

## DISCUSSION

Plaintiff argues on appeal that: (1) the ALJ erred by giving substantial weight to the medical opinion of non-treating, non-examining physician Dr. Winkler, (2) the RFC is not supported by substantial evidence in the record as a whole, and (3) the ALJ erred by failing to order a second psychological assessment. After a full review of the records and briefs, the Court finds the RFC was within the available "zone of choice" and substantial evidence in the record as a whole supports the Commissioner's findings.

First, the ALJ did not err by granting substantial weight to the medical opinion of Dr. Winkler, a non-treating and non-examining physician who opined on Plaintiff's physical functional abilities. Dr. Winkler was the only medical source to provide an opinion regarding Plaintiff's physical functional capacity.[1] Although Dr. Freidebach, Plaintiff's treating physician, submitted a medical source statement, Dr. Freidebach declined to provide any suggested workplace limitations and, instead, deferred such assessment to a specialist. The ALJ found Dr.

---

[1] The Court notes it is the claimant's burden to establish RFC and only once the claimant establishes her inability to do past relevant work the burden of proof shifts to the Commissioner at Step Five. *See generally Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). Here, Plaintiff neither provided nor requested a medical opinion regarding her workplace limitations. Following the hearing, the ALJ requested a consultative opinion from a licensed rheumatologist in order to more fully develop the record and provide medical evidence regarding Plaintiff's workplace limitations. The ALJ gave Plaintiff the opportunity to respond to the consult's MSS with additional facts, records, questions, and/or a supplemental hearing; however, the Plaintiff did not respond to the ALJ's proffer. Here, as noted in *Steed v. Astrue*, "it is [the claimant's] burden to prove at step four that she cannot perform her past relevant work" and "the claimant's failure to provide medical evidence with this information should not be held against the ALJ when there is medical evidence that supports the ALJ's decision." 524 F.3d 872, 876 (8th Cir. 2008).

3

Winkler's opinion was entitled to "substantial weight" because it was based upon a thorough review of the evidence, was informed by Dr. Winkler's expertise in treating fibromyalgia, and was well-supported by the medical evidence in the record.[2]  The Court finds the ALJ considered the appropriate factors and the Court cannot say the ALJ erred in giving substantial weight to the sole, uncontradicted medical opinion in the record regarding Plaintiff's physical functional abilities.  *See generally* 20 C.F.R. § 404.1527(c) (citing supportability, consistency, and specialization as factors to consider in evaluating medical opinions).

Second, the Court finds the RFC assessment is within the available "zone of choice." The ALJ based the RFC upon the suggested limitations cited by Dr. Winkler, the ALJ's review of the medical and other evidence of record, and the Plaintiff's credible testimony.[3]  The ALJ ultimately found "the evidence . . . does not support the claimant's allegations of debilitating pain and functional limitations."[4]  With regard to Plaintiff's fibromyalgia, the ALJ noted Plaintiff was diagnosed with fibromyalgia but refused prescription medications offered to treat her

---

[2] Plaintiff's arguments that Dr. Winkler's opinion is entitled to limited weight because Dr. Winkler's qualifications are unclear from the record, because the record does not show what specific documents were given to Dr. Winkler, because Dr. Winkler did not complete a thorough review of the medical evidence, and because Dr. Winkler failed to furnish sufficient information to comply with 20 C.F.R. § 404.1519p are rejected.  Plaintiff could have raised these issues to the ALJ, proffered additional evidence, and/or requested a supplemental hearing to rebut or discount the limitations cited by Dr. Winkler but did not.  Moreover, the Court has no reason to doubt that Dr. Winkler is, in fact, a rheumatologist or that Dr. Winkler received the entire medical file available to that point.  In fact, Dr. Winkler cited exhibits 3F, 4F, 8F, 10F, 11F, 13F, 15F, and 16F, which indicates the files were available to her and she completed a thorough review of such documents.  Additionally, as noted *supra* at note 1, it was Plaintiff's burden to present evidence to show she unable to perform her past relevant work and "the claimant's failure to provide medical evidence with this information should not be held against the ALJ when there is medical evidence that supports the ALJ's decision." 524 F.3d 872, 876 (8th Cir. 2008).

[3] The Court notes that "the ALJ is not required to rely entirely on a particular physician's opinion or choose between the opinions [of] any of the claimant's physicians" in rendering RFC.  *Martise v. Astrue*, 641 F.3d 909, 927 (8th Cir. 2011); *Cox v. Astrue*, 495 F.3d 614, 619-20 (8th Cir. 2007).  Moreover, although it has been held, as argued by Plaintiff, that the opinion of a non-examining, non-treating physician cannot provide substantial medical evidence in the record as a whole sufficient to support an RFC, *see Nevland v. Apfel*, 204 F.3d 853, 858 (8th Cir. 2000), this case was decided at Step Four, rather than Step Five, such that *Nevland* is considered "inapposite."  *See Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004).

[4] The Court notes that Plaintiff does not attack the ALJ's credibility finding.

symptoms in lieu of over-the-counter pain relievers such as ibuprofen. As to Plaintiff's hip pain, the ALJ noted diagnostic imaging showed a small osteophyte formation resulting in femoroacetabular impingement on Plaintiff's left hip; however, the ALJ noted that, despite the impingement, Plaintiff's gait is normal and clinical examinations have found no neurovascular deficits. With regard to Plaintiff's left shoulder, the ALJ highlighted the MRI performed in September of 2011, which showed effusion and a notched appearance suspicious for non-displaced labral tear, but the ALJ noted Plaintiff's treatment with cortisone injections has been effective and has resulted in significant improvement, as evidenced by her post-treatment clinical examination. Finally, the ALJ discussed Plaintiff's history of iron deficiency anemia secondary to uterine bleeding and noted that iron supplements result in "significant" improvement to Plaintiff's hemoglobin levels. The above findings are consistent with the degree of physical limitation contained in the RFC and as suggested in Dr. Winkler's opinion and Dr. Schwartz's treatment notes. The Court finds, after a review of the entire record including Plaintiff's extensive medical file and her allegations regarding limitations, that the RFC is within the available zone of choice and does not warrant reversal.[5]

Finally, Plaintiff argues the ALJ should have ordered an additional psychological consultation based on the statement in Dr. Winkler's assessment that Plaintiff "would benefit, however, from a psych assessment" because "[s]he appears to have an overconcern for her health." The Court notes there is limited, if any, evidence in the file suggesting Plaintiff is unable to perform the functions of her prior work based on a mental impairment. It is Plaintiff's

---

[5] The Court has considered Plaintiff's argument that her non-compliance with medication was due to dysphagia or inability to swallow pills. The Court rejects that argument. Although Plaintiff complained at certain times that she had difficulty swallowing pills and foods, at other times she stated she simply does not like taking medications, she failed to pick them up from the store, or she was not taking them regularly without explanation. The record further shows Plaintiff had endoscopy procedures in 2011 and 2012 that allegedly helped her to swallow, she had a normal pharyngoesophagram in 2012, and she had a normal rehabilitation swallow study in 2012.

burden to present such evidence and the ALJ did not err in finding Plaintiff failed to present sufficient evidence at either Step Two or Step Four to show Plaintiff suffers from a mental condition that limits her ability to work. *See generally* 20 C.F.R. § 404.1520b; *Kamann v. Colvin*, 721 F.3d 945, 950 (8th Cir. 2013) ("an ALJ is permitted to issue a decision without obtaining additional medical evidence so long as other evidence in the record provides a sufficient basis for the ALJ's decision").

## CONCLUSION

In sum, the Court finds the Commissioner's decision is supported by substantial evidence in the record as a whole. The Commissioner's denial of benefits is hereby **AFFIRMED**.

**IT IS SO ORDERED**.

Dated: March 1, 2016 */s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**